UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PATRICK GUNN,

    Plaintiff,

v.

SANTANDER CONSUMER USA INC., an
Illinois corporation,

    Defendant.

_____/

CASE NO.: _____

JURY TRIAL DEMANDED

## VERIFIED COMPLAINT FOR UNLAWFUL DEBT COLLECTION PRACTICES AND TELEPHONE CONSUMER PROTECTION ACT VIOLATIONS

Plaintiff Patrick Gunn, by and through the undersigned law firm, and sues Defendant, Santander Consumer USA Inc., an Illinois corporation, and alleges as follows:

### PRELIMINARY STATEMENT

1. Plaintiff brings this action pursuant to Fla. Stat. § 559.55 *et seq.*, the Florida Consumer Collection Practices Act ("FCCPA") and 47 U.S.C. § 227 *et seq.*, the Telephone Consumer Protection Act ("TCPA").

### JURISDICTION AND VENUE

2. Federal subject matter jurisdiction exists pursuant to 28 U.S.C. § 1331 as Plaintiff brings, among other claims, claims under the federal Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to the claims and injuries occurred in the Middle District of Florida.

## **PARTIES**

4.  Plaintiff, Patrick Gunn ("Gunn" or "Plaintiff"). Gunn is a natural person resident in the City of Tampa, County of Hillsborough, State of Florida, where the causes of action arose, and a "consumer," as that term is defined by 15 U.S.C. § 1692a(3) and Fla. Stat. § 559.55(2), and is a "person" as provided by 47 U.S.C. § 227(b)(1) and under Fla. Stat. § 559.72.

5.  Defendant, Santander Consumer USA Inc., an Illinois corporation, together with its collecting agents ("Santander" or "Defendant"), doing business in the State of Florida, is a "creditor" as that term is defined by 15 U.S.C. § 1692a(4) and Fla. Stat. § 559.55(3), and is a "person" as provided by 47 U.S.C. § 227(b)(1) and under Fla. Stat. § 559.72.

6.  All conduct of Defendant alleged herein by Plaintiff was authorized, approved and/or ratified by one or more officers, directors, or managers of Defendant, and/or knew in advance that the Defendant was likely to conduct itself and allowed it to so act with conscious disregard of the rights and safety of others. The conduct alleged herein was despicable, fraudulent, oppressive, and done knowingly with intent, with malice, and without cause.

7.  The Defendant's communications set forth below were made only to exhaust the unpaying resisting Plaintiff's will in an attempt to break the Plaintiff and have Plaintiff pay amounts owed long after the Plaintiff were given all necessary information and persuasion and negotiation failed, as demonstrated by Plaintiff expressly communicating to the Defendant to stop calling Plaintiff.

8.  The Defendant's communications set forth below are wholly without excuse.

9.  At all times mentioned herein, the agent(s) or employee(s) of Defendant acted within the course and scope of such agency or employment, and acted with the consent,

permission and authorization of Defendant. Each such entity acted as a co-actor in an enterprise to unlawfully attempt to collect debts from Plaintiff.

## FACTUAL ALLEGATIONS

10. Plaintiff financed a Volkswagen Passat through Defendant, a consumer finance company. When he purchased the car, Plaintiff also obtained guaranteed auto protection ("GAP") insurance coverage to pay for any deficiencies between the market value of the car and the financed amount owed to Defendant.

11. On or about June 24, 2012, the car was irreparably damaged by a flood.

12. Plaintiff's GAP insurance company refused to pay the difference between the amount remaining to be owed on the car minus the proceeds from Plaintiff's automobile casualty insurance. This resulted in a deficiency of approximately $7,000 (the "Alleged Debt").

13. On or about October 1, 2012, Defendant began calling Plaintiff on Plaintiff's cell phone to attempt to collect the Alleged Debt. Plaintiff's mother was a co-signer on the car loan and Defendant also began calling Plaintiff's mother on or about October 1, 2012. Defendant called both Plaintiff and Plaintiff's mother three to four times per day, every day of the week.

14. Several times between October 1, 2012 and the filing of this Complaint, Plaintiff explained to Defendant the situation regarding the GAP insurance coverage.

15. Further, several times Plaintiff explained to Defendant that Plaintiff could not pay the Alleged Debt.

16. Despite being told by Plaintiff that Plaintiff could not pay the Alleged Debt, Defendant continued calling Plaintiff's cell phone to attempt to collect the Alleged Debt.

17. Plaintiff instructed Defendant to stop calling Plaintiff regarding the Alleged Debt.

18. Despite being instructed by Plaintiff to stop calling, Defendant continued calling Plaintiff's cell phone to attempt to collect the Alleged Debt.

19. Moreover, Plaintiff informed Defendant that his mother was ill from cancer and asked that Defendant cease contacting Plaintiff's mother.

20. Despite being aware of Plaintiff's mother's cancer, and despite the request from Plaintiff to stop calling Plaintiff's mother, Defendant continued calling Plaintiff's mother to attempt to collect the Alleged Debt.

## COUNT I

## VIOLATION OF THE FLORIDA CONSUMER COLLECTIONS PRACTICES ACT, FLA. STAT. § 559.55 *et seq.* AS TO DEFENDANT SANTANDER

21. This is an action against Defendant for violations of Fla. Stat. § 559.55 *et seq.*

22. Plaintiff realleges and incorporates paragraphs 1 through 20, as if fully set forth herein.

23. Defendant is engaged in the business of collecting consumer debts and is, therefore, subject to Fla. Stat. §559.55 *et seq.*

24. The Alleged Debt is a "debt" as defined by Fla. Stat. § 559.55(1).

25. Defendant communicated certain information to Plaintiff, as set forth in the above Factual Allegation paragraphs, which constitutes "communication," as defined by Fla. Stat. § 559.55(5).

26. Fla. Stat. § 559.72(7) provides, in pertinent part:

In collecting consumer debts, no person shall:

(7) Willfully communicate with the Plaintiff or any member of her or his family with such frequency as can reasonably be expected to harass the Plaintiff or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the Plaintiff or any member of her or his family.

27. Defendant violated Fla. Stat. § 559.72(7) when Defendant (1) made multiple Collection Calls on multiple days, in multiple weeks, over multiple months, from October 1, 2012, through the filing of this Complaint to Plaintiff attempting to collect the Alleged Debt; (2) made three to four Collection Calls to Plaintiff's cell phone each day, every day of the week, for a total of more than 70 Collection Calls to Plaintiff's cell phone, after Plaintiff told Defendant to stop calling Plaintiff; (3) made Collection Calls to Plaintiff after Plaintiff told Defendant that Plaintiff could not pay the Alleged Debt; and (4) made Collection Calls to Plaintiff's mother after Plaintiff told Defendant that Plaintiff's mother was suffering from cancer and instructed Defendant not to call Plaintiff's mother; all of which is a willful communication with the Plaintiff or Plaintiff's family with such frequency that Defendant could reasonably expect such communication to harass Plaintiff or Plaintiff's family, or which is a willful engagement by Defendant in other conduct, including by violation of the TCPA, which could reasonably be expected to abuse or harass Plaintiff or Plaintiff's family.

28. Fla. Stat. § 559.72(9) provides, in pertinent part:

In collecting consumer debts, no person shall:

(9) ...or assert the existence of some other legal right when such person knows that the right does not exist.

29. Defendant violated Fla. Stat. § 559.72(9), second half, when Defendant (1) made multiple Collection Calls on multiple days, in multiple weeks, over multiple months, from October 1, 2012, through the filing of this Complaint to Plaintiff attempting to collect the Alleged Debt; (2) made three to four Collection Calls to Plaintiff's cell phone each day, every day of the week, for a total of more than 70 Collection Calls to Plaintiff's cell phone, after Plaintiff told Defendant to stop calling Plaintiff; (3) made Collection Calls to Plaintiff after Plaintiff told Defendant that Plaintiff could not pay the Alleged Debt; and (4) made Collection Calls to Plaintiff's mother after Plaintiff told Defendant that Plaintiff's mother was suffering from cancer and instructed Defendant not to call Plaintiff's mother; all of which is an assertion of the existence of the legal right to attempt to collect the Alleged Debt, including by violations of the TCPA and by unfair and deceptive practices, which is rights Defendant knows do not exist, in violation of the FCCPA including Fla. Stat. § 559.72(9), second half.

30. As a result of the above violations of the FCCPA, Plaintiff has been damaged including, but not limited to, mental anguish, despair, frustration, embarrassment, nervousness, anger, and loss of capacity to enjoy life and Defendant is liable to Plaintiff for actual damages, statutory damages, and reasonable attorney's fees and costs pursuant to the FCCPA, Fla. Stat. § 559.77(2).

31. Based upon the willful, intentional, knowing, malicious, repetitive and continuous conduct of the Defendant as described herein, Plaintiff is also entitled to an award of punitive damages in accordance with Fla. Stat. §§ 559.77 and 768.72.

32. All conditions precedent to this action have occurred, have been satisfied or have been waived.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against the Defendant finding that the Defendant violated the FCCPA, awarding Plaintiff actual damages, statutory damages, punitive damages, attorneys' fees and costs pursuant to Fla. Stat. § 559.77(2), and awarding Plaintiff any and all such further relief as is deemed necessary or appropriate.

## COUNT II

### VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 et seq. AS TO DEFENDANT SANTANDER

33. This is an action against Defendant for violations of 47 U.S.C. § 227 et seq.

34. Plaintiff re-alleges and reincorporates paragraphs 1 through 20, as if fully set forth here-in.

35. Defendant, in the conduct of its business, uses an automatic telephone dialing system as defined by 47 U.S.C. § 227(a)(1)(A) to communicate with Plaintiff.

36. Section 47 U.S.C. § 227(b)(1)(A)(iii) provides in pertinent part:

It shall be unlawful for any person within the United States --

(A) to make any call . . . using any automatic telephone system or an artificial or prerecorded voice --

(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;

37. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) when Defendant (1) made multiple Collection Calls on multiple days, in multiple weeks, over multiple months, from October 1, 2012, through the filing of this Complaint to Plaintiff attempting to collect the Alleged Debt; (2) made three to four Collection Calls to Plaintiff's cell phone each day, every day of the week, for a total of more than 70 Collection Calls to Plaintiff's cell phone, after Plaintiff told Defendant to stop calling Plaintiff; and (3) made Collection Calls to Plaintiff after Plaintiff told Defendant that Plaintiff could not pay the Alleged Debt; which is Defendant's use of an automatic telephone dialing system to make multiple Collection Calls to Plaintiff on Plaintiff's personal cell phone after Plaintiff told Defendant that Defendant did not have permission to call Plaintiff.

38. Defendant willfully, knowingly, and intentionally made multiple Collection Calls to Plaintiff's personal cell phone utilizing an automatic telephone dialing system after Plaintiff told Defendant that Defendant did not have permission to call Plaintiff.

39. All conditions precedent to this action have occurred, have been satisfied or have been waived.

40. As a result of the above violation of the TCPA, Defendant is liable to Plaintiff for actual damages, or the amount of $500.00 as damages for each violation, whichever is greater, pursuant to the TCPA, 47 U.S.C. § 227(b)(3)(B).

41. Based upon the willful, knowingly, and intentional conduct of the Defendant as described herein, Plaintiff is also entitled to an increase in the amount of the award to treble the damages amount available under 47 U.S.C. § 227(b)(3)(B), in accordance with 47 U.S.C. § 227(b)(3).

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against the Defendant: (1) finding Defendant violated the TCPA; (2) awarding Plaintiff actual damages or the amount of $500.00 in damages for each violation, whichever is greater; (3) finding Defendant willfully, knowingly and intentionally violated 47 U.S.C. § 227 et seq. and increasing the damages award to treble the amount of damages otherwise to be entered as a judgment; and (4) awarding Plaintiff any and all such further relief as is deemed necessary and appropriate.

Dated: August 1, 2013

Respectfully Submitted,

**LASH & WILCOX PL**
4401 W. Kennedy Blvd., Suite 210
Tampa, FL 33609
Phone: 813.289.3200
Facsimile: 813.289.3250

**THOMAS A. LASH, ESQ.**
Florida Bar No. 849944
e-mail: tlash@lashandwilcox.com
Attorney for Plaintiff

## VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF, PATRICK GUNN

STATE OF FLORIDA
COUNTY OF Hillsborough

I, Patrick Gunn, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.

2. I have read the above entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

_____
Patrick Gunn

July The foregoing instrument was sworn to and subscribed before me this __8__ day of ~~June~~ 2013, by Patrick Gunn, who is personally known to me or has produced __DL__ (type of identification) as identification.   G500-605-88-346-0

_____
Notary Public – State of Florida

My Commission Expires:



KERRY HUELLE
MY COMMISSION #FF011609
EXPIRES April 24, 2017
(407) 398-0153   FloridaNotaryService.com

10